**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY PAUL OLMOS, named as Timothy Olmos, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MICHAEL CIMINO, named as Chief Probation Officer, Maricopa County Adult Probation Department; et al., <br><br> Defendants-Appellees. | No.   23-15685 <br><br> D.C. No. 2:20-cv-00034-GMS-JFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and Submitted May 21, 2026
San Francisco, California

Before:  WARDLAW, BEA, and SANCHEZ, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BEA.

Timothy Olmos appeals the district court's grant of summary judgment to

the Maricopa County Defendants on Olmos's claims brought under 42 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 1983, arising out of a probationary search of his cell phone.[1]  We conclude that summary judgment was inappropriate as to officers Prieto and Hernandez because there is a dispute of material fact as to whether the search violated the Fourth Amendment.  We thus vacate and remand to the district court for further proceedings consistent with this disposition.

"We review the district court's grant of summary judgment de novo, viewing the evidence and drawing all reasonable inferences in the light most favorable to the non-moving party."  *Cohen v. City of Culver City*, 754 F.3d 690, 694 (9th Cir. 2014).  "We must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law."  *Id.*

1.	Although a state's interest in operating its probation system "presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements," the state's special interest in supervising probationers does not justify an "unlimited" "degree of impingement upon privacy."  *Griffin v. Wisconsin*, 483 U.S. 868, 873–75 (1987).  The Supreme Court has permitted *warrantless* searches of probationers' homes and property, but has yet to resolve whether an officer may, subject to a validly imposed probation

---

[1] On appeal, Olmos challenges only the grant of summary judgment to officers Armida Prieto and Erwinn Hernandez of the Maricopa County Adult Probation Department ("APD").

condition, conduct a *suspicionless* search of a probationer's property. *See United States v. Knights*, 534 U.S. 112, 120 n.6 (2001). We have permitted suspicionless probationary searches where the search was "conducted pursuant to a suspicionless-search condition of a violent felon's probation agreement." *United States v. King*, 736 F.3d 805, 810 (9th Cir. 2013). However, we have limited *King*'s application to "offenders who are on probation for a violent felony" and have accepted a suspicionless search condition. *See United States v. Cervantes*, 859 F.3d 1175, 1180 (9th Cir. 2017).

In *United States v. Lara*, we concluded that an officer's search of a probationer's cell phone, conducted after the probationer missed a mandatory probation meeting, violated the Fourth Amendment. 815 F.3d 605, 607 (9th Cir. 2016). We so held despite that Lara's probation conditions permitted a search to be conducted "with or without . . . reasonable suspicion." *Id.* We found particularly significant that the suspicionless search condition did not "clear[ly] and unequivocal[ly]" apply to "cell phone searches." *Id.* at 612. We further noted that while the government's general interests in combatting recidivism and promoting reintegration are "important interests," the "strength" of such interests "in a particular case [will] var[y] depending on the degree to which the government has a specific reason to suspect that a particular probationer is reoffending or otherwise jeopardizing his reintegration into the community." *Id.* Under the

3

totality of the circumstances, we concluded that the search of Lara's cell phone violated the Fourth Amendment.

On this record, we conclude that the suspicionless search of Olmos's cell phone may have violated the Fourth Amendment. *First*, the district court found, and Defendants do not dispute, that there was "no evidence of . . . suspicious behavior" by Olmos. Accordingly, the strength of the state's interest in searching Olmos—combatting recidivism and promoting reintegration—was at its lowest because no "specific reason" animated the search. *Id.*

*Second*, Olmos's probation conditions did not contain a "clear and unambiguous" suspicionless search condition. *See King*, 736 F.3d at 809. Olmos's probation conditions authorized only *warrantless* searches of his property. Defendants argue that the search was authorized because Olmos's probation conditions required him to abide by "the APD computer usage guidelines," one of which provided that "Probationer, as directed, will permit monitoring or seizure of any personal or professional computers." But there are multiple problems with that provision of the guidelines. First, as Defendants conceded at oral argument, there is no evidence that this provision was actually imposed as a condition of probation at sentencing. Second, there is a dispute of material fact as to whether this provision, even if it is binding on Olmos, applies to cell phones. Third, even setting aside those factual disputes, the provision does not clearly and

unambiguously authorize a *suspicionless* search.

*Third*, we have noted particular concern with the "intrusiveness of a cell phone search," even when the phone searched is owned by a probationer. *See Lara*, 815 F.3d at 611; *see also Riley v. California*, 573 U.S. 373, 385–86 (2014).

*Lastly*, we acknowledge the "serious and intimate nature" of Olmos's offense. *See King*, 736 F.3d at 809. However, under the totality of the circumstances presented here, we conclude that the unique privacy interests implicated by cell phones, the lack of any individualized suspicion on behalf of the probation officers that Olmos was committing any crime or violating his probation conditions, and the lack of a clear and unambiguous suspicionless search condition may have rendered the search unreasonable.[2]

2. We remand for further proceedings to determine whether there is a dispute of material fact as to whether Olmos consented to the search. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) ("It is . . . well settled that

---

[2] The dissent distinguishes *Lara*, in part, on the ground that Olmos was prohibited from accessing the internet and that "any evidence of an Internet search—which the *Lara* Court cited as an innocent use of a cell phone—on Olmos's phone would have shown that Olmos was violating the terms of his probation." *See* Dissent at 5. But the district court found that Olmos's cell phone "was a flip phone without internet access" and officer Hernandez used the search not to determine whether Olmos was accessing the internet, but rather to look through Olmos's photos. While we agree that Olmos committed a particularly serious offense, officers Hernandez and Prieto conducted a suspicionless search of Olmos's cell phone and, unlike in *Lara*, Olmos's probationary conditions did not address suspicionless searches at all.

one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."); *United States v. Drayton*, 536 U.S. 194, 206 (2002) (A suspicionless search is unreasonable where a party's consent to the search was involuntary.). Though the district court noted that Defendants "did not put any *evidence* into the Record supporting [their] argument" as to the issue of consent, because the district court found that the search was reasonable, it did not need to reach whether there was a dispute of material fact over consent. On remand, the district court should consider the issue of consent in the first instance.

3. Defendants failed to raise a qualified immunity defense in the district court and instead asserted absolute immunity under Arizona law.[3] The district court did not reach the issue of whether Defendants are entitled to absolute immunity and may, if necessary, do so on remand.

**VACATED AND REMANDED.**[4]

---

[3] Defendants' attempt to raise qualified immunity for the first time on appeal fails. Qualified immunity typically cannot be asserted for the first time on appeal. We have held that a plaintiff can "waive[] waiver" of the qualified immunity defense, *see Norwood v. Vance*, 591 F.3d 1062, 1067–68 (9th Cir. 2010), but Olmos argued that the qualified immunity defense was waived in his counseled opening brief.

[4] Olmos's motion to correct the docket, *see* Dkt. No. 71, and motion to correct headers, *see* Dkt. No. 82, are **DENIED**.

FILED

*Olmos v. Cimino*, No. 23-15685

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BEA, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's decision that "Defendants' attempt to raise qualified immunity for the first time on appeal fails." Mem. Disp. at 6 n.3. But I respectfully dissent from the majority's conclusion that the search of Olmos's flip cell phone "may have violated the Fourth Amendment." Mem. Disp. at 4. I conclude that Defendants' search of Olmos's flip cell phone was reasonable in light of Olmos's reduced expectation of privacy and the Government's legitimate interest in protecting potential victims from Olmos's recidivism. Therefore, I would affirm the district court's grant of summary judgment to Defendants.

I

Olmos was convicted in 2005 for felony molestation and sexual abuse of a 14-year-old girl in violation of Sections 13-1410 and 13-1404 of the Arizona Criminal Code. He was sentenced to and served fifteen years in prison, after which he was placed on lifetime probation. As part of his probation, Olmos agreed to "[s]ubmit to search and seizure of [his] person or property by the [Adult Probation Department ("APD")] without a search warrant." Olmos was also subject to the special conditions of probation for sex offenders. The special conditions of probation for sex offenders impose strict conditions on a probationer. Of note, the conditions include, among others, the following conditions:

1

- Do not initiate, establish or maintain contact with any male or female child under the age of 18, including relatives, or attempt to do so, without the prior written approval of the APD. Sign and abide by the APD definition of 'no contact.'

- Do not go to or loiter near schools, school yards, parks, playgrounds, arcades, swimming pools or other places primarily used by children under the age of 18, or any other location as deemed inappropriate by the APD, without prior written approval of the APD.

- Do not use any computer equipment or access the Internet without approval of the APD. If granted use or access, abide by the APD computer usage guidelines.

During a November 20, 2019, mandatory probation meeting, Olmos's flip cell phone rang and he silenced it. Olmos told probation officers Erwinn Prieto ("Prieto") and Armida Hernandez ("Hernandez") that his auto insurance agent was calling. Hernandez told Olmos to turn over his phone and searched through the pictures that were stored on the phone. No evidence of wrongdoing was found.

II

Of relevance to this appeal, Olmos sued Prieto and Hernandez under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments in connection with the search of his cell phone. Eventually, the district court granted Prieto's and Hernandez's motion for summary judgment because the district judge concluded that their search of Olmos's cell phone during the November 20, 2019, probation meeting was reasonable under the Fourth Amendment. The district court noted that Olmos was "subject to a valid, enforceable probation condition allowing a warrantless

2

search."  The district court reasoned that probation officers "conducting a brief search of [Olmos's] cell phone photos [was] a proper purpose to determine whether [Olmos] was complying with probation obligations of avoiding contact with minors."  The district court reasoned that "the nature of the crime for which [Olmos] was serving probation was sufficiently serious to warrant looking on the phone for pictures and evidence to determine whether [Olmos] was in contact with minors."  Olmos appealed the district court's grant of summary judgment.

III

Courts "determine whether to exempt a given type of search from the warrant requirement 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'"  *Riley v. California*, 573 U.S. 373, 385 (2014) (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)).  Olmos, as a probationer, had "a lower expectation of privacy than is enjoyed by a citizen who is not subject to a criminal sanction."  *United States v. King*, 736 F.3d 805, 808 (9th Cir. 2013).  Probation search conditions can further diminish a probationer's already lower expectation of privacy.  *Id.* at 809.  The Supreme Court has held that "[a] State's operation of a probation system . . . presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-

3

cause requirements." *Griffin v. Wisconsin*, 483 U.S. 868, 873–74 (1987). This Court has upheld suspicionless searches of probationers. *King*, 736 F.3d at 810.

Olmos was subject to probation conditions, which severely diminished his expectation of privacy. Further, the Government had a legitimate interest in protecting potential victims from Olmos's recidivism, preventing the destruction of evidence, and Olmos's successful reintegration into society. *See Id.* at 809; *see also United States v. Williams*, 636 F.3d 1229, 1234 (9th Cir. 2011) ("The sexual exploitation and abuse of children are unspeakably horrendous crimes. Moreover, those who commit such crimes once are likely to commit them again."). As the district court recognized, the legitimate government interest in protecting minors is promoted by permitting the random, warrantless searches of sex offenders' cell phones because cell phones are obviously a means by which sex offenders can reoffend. *See United States v. Misraje*, 888 F.3d 1113, 1115 (9th Cir. 2018) (defendant, a registered sex offender, showed a child images of child pornography on an electronic device he had disclosed to his probation officer); *United States v. Burch*, 113 F.4th 815, 817–18 (8th Cir. 2024) (defendant, a registered sex offender, used an undisclosed cell phone to film the pubic area of a 15-year-old girl).

This case is meaningfully different from *United States v. Lara*, 815 F.3d 605 (9th Cir. 2016), which the majority relies upon to conclude that the search of Olmos's cell phone was unreasonable. Mem. Disp. at 3–5. To begin, Olmos was

4

convicted of sexually abusing a fourteen-year-old girl, which is a much more serious offense than Lara's nonviolent conviction for possession for sale and transportation of methamphetamine. *Lara*, 815 F.3d at 607. Also, unlike *Lara*, Olmos was prohibited from "access[ing] the Internet without prior written approval of the APD." Contrary to *Lara*, any evidence of an Internet search—which the *Lara* Court cited as an innocent use of a cell phone—on Olmos's phone would have shown that Olmos was violating the terms of his probation. *Id.* at 612. The majority downplays this point because Olmos's cell phone could not connect to the Internet. Mem. Disp. at 5 n.2. But even a cell phone without Internet access can take pictures. That means Olmos could have used his cell phone to store photos of whatever he found online using some other device—legal or otherwise. And, of course, his phone would have shown any photos Olmos had taken of minors. Therefore, Olmos had a reduced expectation of privacy in his cell phone than the probationer in *Lara*.

IV

Thus, on balance, due to Olmos's reduced privacy interest and the Government's legitimate interest in protecting minors, Defendants' search of Olmos's phone was reasonable. Therefore, I respectfully dissent because Defendants' search of Olmos's flip cell phone did not violate the Fourth Amendment.

5